IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, § § § | |
| Plaintiff, § § | |
| VS. § | Civil Action No. 3:24-CV-1209-D |
| SOUTHWEST AIRLINES CO., § § § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Southwest Airlines Company ("Southwest") moves to certify for interlocutory appeal the court's December 6, 2024 memorandum opinion and order (*Alliance I*)[1] granting in part and denying in part Southwest's motion to dismiss and to stay these proceedings pending the appeal. Plaintiff American Alliance for Equal Rights ("Alliance") does not oppose the motion, although it proffers "three caveats" in response.[2] Having

---

[1] *See Am. All. for Equal Rts. v. Sw. Airlines Co.*, 2024 WL 5012055, at *1 (N.D. Tex. Dec. 6, 2024) (Fitzwater, J.).

[2] The "three caveats" are:

> 1. Because Southwest moves to certify only on standing and claims that certification will save resources, the Alliance assumes that Southwest is giving up its argument that the request for nominal damages is moot.
> 2. While the Alliance agrees that certification could save resources, Southwest overstates the savings. With or without certification, this case can be resolved efficiently with little to no discovery on cross-motions for summary judgment.

considered the parties' submissions, the court denies the motion and lifts the stay imposed in this case on the parties' joint motion.³

I

A district court may certify an order for interlocutory review under 28 U.S.C. § 1292(b) if the court is of the opinion "(1) that the order involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Fener v. Belo Corp.*, 2007 WL 4165709, at *4 (N.D. Tex. 2007) (Fitzwater, C.J.). District courts, however, have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Charalambopoulos v. Grammer*, 2016 WL 5942225, at *5 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.). Judicial economy is a key consideration. *See, e.g.*, *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 231 (5th Cir. 2014) ("[A] § 1292(b) certification[] [] 'is designed to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation.'"); *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723 (N.D. Tex. 2006) (Boyle, J.) ("[A] key concern consistently

---

> 3. Southwest's "question to be certified for appeal" is overly abstract, though Southwest's proposed order is more accurate.

P. Resp. (ECF No. 41) at 1 (citation omitted).

³On December 26, 2024 the court granted the parties' joint motion and stayed all proceedings and deadlines in this matter pending the resolution of Southwest's motion to certify for interlocutory appeal.

underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'").

II

Even assuming *arguendo* that all three § 1292(b) criteria are met, the court retains unfettered discretion to deny certification. Here, the court holds in its unfettered discretion that judicial economy—i.e., the "efficient disposition" of the litigation—is best achieved by denying Southwest's motion.

To be sure, granting certification avoids the cost and delay associated with reaching the merits if the Fifth Circuit reverses *Alliance I* and holds that Alliance lacks standing. But if the Fifth Circuit affirms *Alliance I*, granting certification risks incurring the cost and delay associated with two appeals—an interlocutory appeal that addresses standing, and a second appeal that addresses the merits. Denying certification, by contrast, avoids the cost and delay of two appeals, because the standing issue arising from *Alliance I* and the merits issues arising from the final judgment can be addressed in one appeal.

Moreover, Alliance maintains as its second caveat, and Southwest does not persuasively refute, that "[w]ith or without certification, this case can be resolved efficiently with little to no discovery on cross-motions for summary judgment." *See supra* note 2. It therefore appears that allowing the case to proceed to final judgment without taking a detour for an interlocutory appeal will not only eliminate the risk of multiple appeals, but will enable the court to resolve the case on the merits with little to no discovery on summary

- 3 -

judgment motions, thereby saving costs and reducing delay.

\* \* \*

Accordingly, the court in its unfettered discretion denies Southwest's motion to certify for interlocutory review, and it lifts the stay imposed on December 26, 2024.

**SO ORDERED**.

January 24, 2025.

```
                              _____
                              SIDNEY A. FITZWATER
                              SENIOR JUDGE
```