UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant.* | Case No. 3:24-cv-01209-D |

### DEFENDANT SOUTHWEST AIRLINES CO.'S MOTION FOR ENTRY OF JUDGMENT AND BRIEF IN SUPPORT

Plaintiff American Alliance for Equal Rights ("Alliance") filed this suit against Defendant Southwest Airlines Co. ("Southwest") in May 2024 seeking injunctive and declaratory relief in connection with future application cycles of the ¡Lánzate!/Take Off! Travel Award Program! ("Award Program"), as well as nominal damages in the amount of $0.01. On December 6, 2024, the Court held that the Alliance's forward-looking claims for declaratory and injunctive relief were moot, as Southwest had "unconditionally and irrevocably eliminate[d] the challenged Award Program provisions from any and all future program application cycles," and the Court dismissed all but the nominal damages claim. (ECF 33 at 5, 10, 13.) The Alliance's sole remaining claim, therefore, is for $0.01 in nominal damages.

Southwest now moves this Court to enter judgment against it for $0.01 in nominal damages and to end this litigation without addressing or resolving the merits of the parties' current dispute. In support of this Motion for Entry of Judgment (the "Motion"), Southwest states, as follows:

1

1. Southwest previously moved to dismiss the Alliance's complaint in its entirety on the basis of mootness, as Southwest has unconditionally eliminated the challenged Award Program provisions from any future application cycles and had sent the Alliance one cent. (ECF 20.)[1] The Alliance opposed a finding of mootness with respect to its nominal damages claim on the basis that Southwest "resists a judgment" on that claim, among other reasons. (ECF 28 at 10.) In the December 6, 2024 order, this Court held that the Alliance's forward-looking claims for declaratory and injunctive relief were moot, but that the Alliance's claim for $0.01 in nominal damages was not moot. (ECF 33 at 5, 10, 13.)

2. Southwest now moves to accept judgment for $0.01 in nominal damages, without an admission of liability and without the Court resolving the merits of the parties' current dispute. The Alliance would be a prevailing party for purposes of this judgment, thereby permitting the Alliance to seek reasonable fees and costs, in accordance with *Farrar v. Hobby*, 506 U.S. 103 (1992) and its progeny.[2]

3. Southwest's request to accept judgment for $0.01 follows a straightforward path to end this litigation, without a finding on the merits of the litigation. As the Brief for the United States as Amicus Curiae stated in *Uzuegbunam*:

    > [W]here the plaintiff has no live claim for prospective relief or compensable harm, and thus seeks only nominal damages to redress past injury, the defendant should be able to end the litigation without a resolution of the constitutional merits, simply by accepting the entry of judgment for nominal damages against him. . . .

---

[1] In addition to mootness, Southwest also argued that the Alliance lacked associational standing to seek nominal damages. (ECF 20 at 10-12.)

[2] Southwest expressly reserves and does not waive the right to challenge the reasonableness of any fees/costs requested.

> Accordingly, the defendant . . . might move for entry of judgment on the nominal damages claim when no other claims for relief remain. In those situations, a district court should enter judgment on the basis of defendants' concession alone, without adjudicating the merits of the constitutional claim. After all, courts resolve constitutional questions only as a necessary means to decide an underlying dispute between the parties, not as the ultimate end itself. . . . [S]o long as plaintiff's only claim is for nominal damages and the defendant does not oppose the district court's summary entry of that judgment, the court should be able to dispose of the live controversy between the parties without resolving the underlying merits of their constitutional dispute.

Brief for the United States as Amicus Curiae Supporting Petitioners, *Uzuegbunam et. al. v. Preczewski et. al.*, 592 U.S. 279 (2021) (No. 19-968), 2020 WL 5845980 ("United States Amicus Brief"), at 29-30.

4. Justice Kavanaugh's concurrence in *Uzuegbunam* recognized that this path was always available in a case like this one, citing the United States' Brief for the proposition "that a defendant should be able to accept the entry of a judgment for nominal damages against it and thereby end the litigation without a resolution of the merits." *Uzuegbunam v. Preczerski*, 592 U.S. 279, 293-94 (2021) (Kavanaugh, J., concurring). Other federal circuit court judges have reached the same conclusion. *See Utah Animal Rts. Coal. v. Salt Lake City Corp.,* 371 F.3d 1248, 1273 (10th Cir. 2004) (Henry, J., concurring) ("A defendant could also simply pay the nominal damages, thereby mooting the case (and rely on this circuit's adoption of Justice O'Connor's factors to evaluate attorney fees from *Farrar* . . . )."); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 323 (2d Cir. 1999) (Jacobs, C.J., concurring) (defendants can "allow the district court to enter judgment against

3

them, and pay the dollar to the vindicated and happy plaintiff");[3] *see also Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542 (2d Cir. 2018) ("[W]here a defendant surrenders to 'complete relief' in satisfaction of a plaintiff's claims, the district court may enter default judgment against the defendant—even without the plaintiff's agreement thereto—and '[t]hen, after judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III.'") (citation omitted); *Texas v. Yellen*, 597 F. Supp. 3d 1005, 1018 (N.D. Tex. 2022) ("[A] claim becomes moot when a plaintiff actually receives all of the relief he or she could receive on the claim through further litigation.") (citation omitted), *aff'd,* 105 F.4th 755 (5th Cir. 2024).[4]

5. This Motion resolves the Alliance's previous objection that Southwest was "resist[ing] judgment" and, therefore, had not obtained mootness in the manner contemplated by the United States and Justice Kavanaugh in *Uzuegbunam*. *Cf.* ECF 28 at 10 ("The logic is that, once a plaintiff receives a binding judgment from a court entitling it to all the relief it requested, it has nothing concrete left to litigate

---

[3] *See* Transcript of Oral Argument, *Uzuegbunam* at 20:25-21:9 (Jan. 12, 2021) (Kavanaugh, J.) ("Judge Jacobs in the Second Circuit opinion in *Amato* and Judge Henry in the Tenth Circuit opinion in *Utah Animal Rights*, their separate opinions, both suggested, as the government does here, that there's not much at stake because a defendant can always surrender to the judgment on the nominal damages claims when no other claims remain, and the district court simply enters judgment without adjudicating the merits.").

[4] The fact that judgment is properly entered without reaching the merits is in general accord with the procedure in Rule 68, which allows offers of judgment to disclaim liability, as this Court has recognized. *See Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 1867292, at *19 (N.D. Tex. Aug. 5, 2005) (Fitzwater, J.) ("The court agrees with other courts that hold that Rule 68 does not require that offers of judgment include admissions of liability" including because "requiring a clear admission of liability in every offer of judgment would reduce the effectiveness of Rule 68 as a tool to encourage the settlement of all lawsuits." (cleaned up)), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007).

4

about."). Because the request for $0.01 in nominal damages is all that remains of the Alliance's claims, and because this Motion would render the Alliance a prevailing party on that claim, this Motion would leave the parties with "nothing concrete left to litigate about." *Cf. id*.

6. This Motion also addresses this Court's December 2024 conclusion that a "textbook offer to settle" does not render a nominal damages claim moot. ECF 33 at 12. Although Southwest disputes that its unilateral transfer of one penny was a settlement offer, in contrast to such unilateral transfer, Southwest now affirmatively seeks a judgment by this Court for nominal damages in the amount of $0.01. *Cf.* ECF 28 at 12 ("Without a judgment from this Court, Southwest's mailing was a 'revocable offer' to pay the Alliance's nominal damages.").[5]

## CONCLUSION

For the reasons stated above, Southwest respectfully requests that the Court grant this Motion and enter a judgment in Plaintiff's favor for $0.01 and reasonable attorneys' fees.[6]

---

[5] For the same reason, the Court's prior discussion of Chief Roberts' dissent in *Uzuegbunam* (ECF 33 at 13 n.5) is not probative with respect to this Motion. As the Brief for the United States recognized in *Uzuegbunam*, a motion seeking entry of judgment for nominal damages is categorically distinct from "an unaccepted settlement offer or offer of judgment" subject to *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). *See* Brief for United States at 29, *Uzuegbunam* 592 U.S. 279 (No. 19-968).

[6] Because Southwest is requesting that this Court enter judgment against it for the $0.01, Southwest does not believe that it is necessary to deposit the $0.01 in the Court's registry pursuant to Federal Rule of Civil Procedure 67. Indeed, if judgment is entered against it, Southwest will pay the $0.01 to the Alliance in accordance with the judgment, or repeat the prior transfer of $0.01 to the Alliance. However, Southwest is willing to make such a deposit if the Court disagrees with Southwest's position on this issue.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 9, 2025 | */s/ Tristan Morales*<br>Tristan Morales (*pro hac vice*)<br>O'MELVENY & MYERS LLP<br>1625 Eye St., 10th Floor<br>Washington, DC 20006<br>(202) 383-5112<br>tmorales@omm.com<br><br>Kimberly Williams (TX Bar No. 24050592)<br>O'MELVENY & MYERS LLP<br>2801 North Harwood St., Ste. 1600<br>Dallas, TX 75201<br>(972) 360-1908<br>kwilliams@omm.com<br><br>Anton Metlitsky (*pro hac vice*)<br>O'MELVENY & MYERS LLP<br>1301 Ave. of the Americas, Ste. 1700<br>New York, NY 10019<br>(212) 326-2000<br>ametlitsky@omm.com<br><br>*Counsel for Defendant Southwest Airlines Co.* |

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that on April 9, 2025, I conferred by telephone with Gabe Anderson and Cam Norris, counsel for Plaintiff American Alliance for Equal Rights, who reported that they will further consider the Alliance's position after reviewing the filed Motion.

*/s/ Tristan Morales*

Tristan Morales

*Counsel for Defendant Southwest Airlines Co.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2025, the foregoing document was filed with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            */s/ Tristan Morales*
                                            Tristian Morales

                                            *Counsel for Defendant Southwest Airlines Co.*