IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AMERICAN ALLIANCE FOR            §
EQUAL RIGHTS,                    §
                                 §
                Plaintiff,       §
                                 §
VS.                              §        Civil Action No. 3:24-CV-1209-D
                                 §
SOUTHWEST AIRLINES CO.,          §
                                 §
                Defendant.       §

MEMORANDUM OPINION
AND ORDER

In this action challenging defendant Southwest Airlines Company's ("Southwest's")

¡Lánzate! Travel Award Program ("Award Program"), Southwest has unconditionally

surrendered to the entry of judgment for complete relief in favor of plaintiff American

Alliance for Equal Rights ("Alliance").  For the reasons that follow, the court raises *sua*

*sponte* its intention to enter a final judgment in Alliance's favor, and it grants both sides 14

days to oppose this proposed disposition.

I

In May 2024 Alliance sued Southwest, alleging that two Alliance members were

unable to participate in Southwest's now-shuttered Award Program because they are not

Hispanic.  Alliance challenges certain provisions of the Award Program as discriminatory,

in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), and Title

VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI").  Alliance prays

for declaratory and injunctive relief, nominal damages of $0.01, and reasonable costs and attorney's fees.

After Alliance filed suit, Southwest executed a covenant that unconditionally and irrevocably eliminated the challenged Award Program provisions and tendered to Alliance the sum of $0.01, together with a letter requesting voluntary dismissal of this lawsuit. Alliance rejected the offer, and Southwest moved to dismiss Alliance's claims as moot. In *American Alliance for Equal Rights v. Southwest Airlines Co. ("Alliance I")*, 2024 WL 5012055 (N.D. Tex. Dec. 6, 2024) (Fitzwater, J.), the court dismissed Alliance's claims for declaratory and injunctive relief on the ground that they had been mooted by the covenant, *id.* at *2, but it concluded that Alliance's claims for nominal damages had not been mooted by Southwest's unaccepted settlement offer, *id.* at *5 (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016)). At that point, the case appeared to be ripe for resolution on the merits "with little to no discovery on summary judgment motions." *Am. All. for Equal Rts. v. Sw. Airlines Co. ("Alliance II")*, 2025 WL 295741, at *2 (N.D. Tex. Jan. 24, 2025) (denying Southwest's motion to certify for interlocutory appeal the court's memorandum opinion and order in *Alliance I*).

As anticipated, without having taken any discovery, Alliance has moved for partial summary judgment on its § 1981 claim.[1] Southwest, in turn, has moved the court to forgo

---

[1]Alliance represents that, if its motion is granted, it will withdraw its remaining Title VI claim.

the merits and enter judgment in Alliance's favor for nominal damages of $0.01 and reasonable costs and attorney's fees. Although neither motion has been fully briefed,[2] in light of Southwest's unconditional surrender to the entry of judgment for complete relief in Alliance's favor, the court now raises *sua sponte* that it intends to forgo the merits and *sua sponte* enter final judgment in Alliance's favor for nominal damages of $0.01 and reasonable costs and attorney's fees.

## II

When a defendant unconditionally surrenders to the entry of final judgment for all the relief that the plaintiff could have recovered had it prevailed on the merits, but the plaintiff resists the entry of such judgment, a district court can exercise its inherent authority to manage its docket efficiently and expeditiously, forgo deciding the case on the merits, and *sua sponte* enter final judgment for complete relief in favor of the plaintiff.[3]

### A

"[A] court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S.

---

[2]Alliance has filed a response in opposition. With leave of court, the United States has filed a statement of interest.

[3]The court sometimes refers to the entry of final judgment in favor of the plaintiff for all of the relief that the plaintiff could have recovered had it prevailed on the merits as "complete relief" or "total victory," and to a plaintiff who resists the entry of such judgment as the "obstinate plaintiff."

66, 85 (2013) (Kagan, J., dissenting), *analysis adopted, at least in part, by Campbell-Ewald*, 577 U.S. at 162.

> [A] party [cannot] force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything—if he wants, without even appearing in the case.  And if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment.

*Chathas v. Local 134 Int'l Brotherhood of Elec. Workers*, 233 F.3d 508, 512 (7th Cir. 2000) (Posner, J.) (citation omitted); *see also Uzuegbunam v. Preczewski*, 592 U.S. 279, 303-04 (2021) (Roberts, C.J., dissenting) (suggesting that "[w]here a plaintiff asks only for a dollar, the defendant should be able to end the case by giving him a dollar, without the court needing to pass on the merits of the plaintiff's claims" and agreeing with *amicus* United States's argument that "the defendant should be able to end the litigation without a resolution of the constitutional merits, simply by accepting the entry of judgment for nominal damages against him."); *id.* at 293-94 (Kavanaugh, J., concurring) (agreeing with the same).

## B

A district court may forgo the merits and *sua sponte* grant the obstinate plaintiff total victory pursuant to its "inherent authority."[4]  District courts "possess certain 'inherent

---

[4]Although the proposition that a district court may forgo the merits and grant the obstinate plaintiff total victory is not novel, *see supra* § II(A), and courts have done so, there has not emerged a persuasive articulation of the source of a district court's authority.  *See, e.g.*, *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004) (dismissing for lack of standing plaintiff's appeal from judgment in his favor where district court forwent merits and *sua sponte* granted plaintiff complete relief); *S. Orange Chiropractic Ctr., LLC*

powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases.'" *In re Highland Cap. Mgmt., L.P.*, 105 F.4th

830, 839 (5th Cir. 2024) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107

(2017)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  Among them is

---

*v. Cayan LLC*, 2016 WL 1441791, at *5 (D. Mass. Apr. 12, 2016) (entering judgment in obstinate plaintiff's favor without identifying authority to do so); *Witt v. GC Servs. Ltd. P'ship*, 2015 WL 273838, at *2 (D. Colo. Jan. 20, 2015) (purporting to rely on Justice Kagan's *Genesis Healthcare* dissent).  So far as the court is aware, only the Second Circuit has attempted an explanation:

> Our decisions appear to recognize that where a defendant surrenders to "complete relief" in satisfaction of a plaintiff's claims, the district court may enter default judgment against the defendant—even without the plaintiff's agreement thereto—and then, after judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III.

*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542 (2d Cir. 2018) (cleaned up) (collecting cases).

The conclusion that a district court has inherent authority to grant an obstinate plaintiff total victory finds support in Justice Kagan's *Genesis Healthcare* dissent:

> Nor does a court have *inherent authority* to enter an unwanted judgment for Smith on her individual claim, in service of wiping out her proposed collective action.  To be sure, a court has *discretion* to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory.  But the court may not take *that tack* when the supposed capitulation in fact fails to give the plaintiff all the law authorizes and she has sought.

*Genesis Healthcare*, 569 U.S. at 85 (Kagan, J., dissenting) (emphasis added).

"the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin.*, 579 U.S. 40, 47 (2016); *see also Johnson v. Lumpkin*, 74 F.4th 334, 342 (5th Cir. 2023) (describing such authority as "firmly established"), *cert. denied*, 144 S. Ct. 829 (2024).  This authority, however, is not unlimited.  *See NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir.1990) ("[Inherent authority] is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function."), *aff'd*, 501 U.S. 32 (1991)).  Its exercise (1) "must be a reasonable response to the problems and needs confronting the court's fair administration of justice," and (2) "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute."  *Dietz*, 579 U.S. at 45 (internal quotation marks omitted).  The *sua sponte* entry of final judgment for complete relief in favor of an obstinate plaintiff fits comfortably within these limits.

C

1

First, granting an obstinate plaintiff total victory upon the defendant's unconditional surrender is a reasonable response to the problems and needs confronting the court's fair administration of justice.  A plaintiff's obstinacy when confronted with the defendant's unconditional surrender can result in increased costs and delay, the twin enemies of justice. *See id.* at 45 (citing Rule 1) (describing "the just, speedy, and inexpensive resolution of

- 6 -

disputes" as "paramount"); *Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988) (en banc) (citing Rule 1) ("We attempt to carry out our responsibilities in the most prompt and efficient manner, recognizing that justice delayed, and justice obtained at excessive cost, is often justice denied.").[5] When in response to an opponent's complete and unconditional surrender a plaintiff holds out for a decision on the merits rather than accept total victory in terms of the remedy awarded, the litigation drags on, potentially at great cost, through discovery, motion practice, and (possibly) trial. These costs are borne by the parties, the court, and other litigants from whom the court's limited resources are diverted. And this occurs despite the fact that the plaintiff is not entitled to a decision on the merits. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603-04 (5th Cir. 2004). A decision on the merits is not an end in itself, but a means by which a plaintiff can recover the relief prayed for. Once a judgment entitles the plaintiff to all of the relief for which it sues, victory is total. *See Campbell-Ewald*, 577 U.S. at 163-65.

Total victory is just that: all that the plaintiff would be entitled to if it prevailed on the merits. Entry of judgment in the plaintiff's favor awarding a legally available remedy that the plaintiff seeks is a reasonable response. The plaintiff is granted all that it could have

---

[5]Indeed, United States judges have an ethical obligation to "dispose promptly of the business of the court." Code of Conduct for United States Judges, 175 F.R.D. 363, 367, Canon 3(A)(5) (1998); *see also id.* at 370, Canon 3 cmt. Canon 3(A)(5) ("In disposing of matters promptly, efficiently and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays and unnecessary costs.").

recovered had it prevailed on the merits, and all stakeholders are relieved of further cost and delay.

2

Second, the court is not aware of any contrary rule or statute.[6]  Although the Rules contemplate that a district court can act *sua sponte*, *see* Fed. R. Civ. P. 12(h)(3) and 56(f), and they provide for the entry of judgment against a defaulting defendant, *see* Rule 55, neither these nor any other rules impose an implicit limitation that prohibits a court from forgoing the merits and *sua sponte* entering judgment for complete relief in the plaintiff's favor when the defendant unconditionally surrenders.  *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407-08 (5th Cir. 1993) ("[W]here the rules directly mandate a specific procedure to the exclusion of others, inherent authority is proscribed."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."); *id.* at 47 ("'[W]e do not lightly assume that Congress has intended to depart from established principles' such as the scope of a court's inherent power.").

---

[6]Although the court is raising *sua sponte* its intention to enter a final judgment in Alliance's favor, and therefore has not had the benefit of the parties' briefing on the matter, the court is granting the parties leave to oppose the court's proposed disposition.  Thus the parties will have the opportunity to raise any contrary rule or statute if one exists.

- 8 -

III

Forgoing the merits and entering final judgment *sua sponte* in Alliance's favor for nominal damages of $0.01 and reasonable costs and attorney's fees is an appropriate exercise of inherent authority because Southwest has unconditionally surrendered, and the entry of such judgment would grant Alliance total victory.  Southwest represents in its motion for entry of judgment that it surrenders to entry of judgment in Alliance's favor for $0.01 in nominal damages and reasonable costs and attorney's fees, provided the court does not reach the merits.  This is unconditional surrender to all of the relief that Alliance could recover if it prevailed on the merits.  *See* Compl. (ECF No. 1) ¶ 53 (praying for, *inter alia*, "[n]ominal damages of $0.01" and "[r]easonable costs and expenses of this action, including attorneys' fees, under 42 U.S.C. §1988 and any other applicable laws"); *Uzuegbunam*, 592 U.S. at 290-92 (characterizing nominal damages as compensatory, backward-looking relief, rather than a mere artifice for obtaining a retrospective declaratory judgment); *Ward*, 393 F.3d at 604-05 (rejecting contention that nominal damages are a means of securing a judicial declaration of illegality and explaining that a ruling on the merits is not "relief" to which any plaintiff is entitled); 42 U.S.C. § 1988(b) (making eligible for an award of reasonable attorney's fees prevailing parties in any action to enforce, *inter alia*, § 1981 and Title VI).

\*    \*    \*

Accordingly, the court raises *sua sponte* that it intends to exercise its inherent authority to enter final judgment in Alliance's favor for nominal damages of $0.01 and

- 9 -

reasonable costs and attorney's fees.  Because the court has raised this proposed disposition *sua sponte*, it grants both parties leave to file an opposition within 14 days of the date this memorandum opinion and order is filed.

      **SO ORDERED**.

May 14, 2025.

                                                  SIDNEY A. FITZWATER
                                                  SENIOR JUDGE